**PAUL NUNN, INC., Appellant,**

v.

**OKLAHOMA STATE DEPARTMENT OF HEALTH et al., Appellee.**

No. 50405.

Supreme Court of Oklahoma.

Dec. 5, 1978.

Wilbert G. Smith, Smith, Smith & Vaughan, Ronald D. Fulkerson, Fulkerson, Morris & Seago, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James R. Barnett, Asst. Atty. Gen., for appellee, State Dept. of Health.

David A. Davis, Oklahoma City, for appellees, City of Guthrie and City of Bethany.

John F. Eberle, Oklahoma City, for appellees, Concerned Citizens Against Hazardous Waste, Inc., Allen B. Moffat, Mary E. Simmons, Claude T. Young.

John T. Eberle, Oklahoma City, for appellees, Jeanette Bellman and Annette Gravitt.

WILLIAMS, Justice.

Appellant, hereinafter called applicant or Nunn, applied to the Oklahoma State Department of Health for a permit to operate a disposal site for solid wastes on certain lands in Kingfisher County, pursuant to 63 O.S.1971, Sections 2251 through 2265, the Oklahoma Solid Waste Management Act.

Under that Act, the Department is given the power and duty to adopt rules and regulations for the location, management, operation and maintenance of such sites, and the operation of such a site without a permit from the Department is prohibited. After public hearings as required by statute, the Department entered its order denying the application.

Applicant then petitioned for review in the District Court of Oklahoma County. In that court, the trial judge, acting in an appellate capacity under the provisions of the Administrative Procedures Act, 75 O.S. 1971, Sec. 301 et seq., reviewed the record and entered judgment sustaining the action of the Department. Applicant then appealed to this Court.

In view of the argument presented to us, a detailed statement of the pleadings and evidence will not be necessary. In its order denying the application, the Department included conclusions of law in part as follows:

"The applicant has failed to meet the requirements of the rules and regulations adopted and promulgated pursuant to 63 O.S.1971, Sec. 2259, in that;

"1. Ten feet of continuous clay soil as required by Sections 5.4.2(a) and 5.4.-2(b) is not demonstrated to exist.

"2. Section 5.3 of the regulations providing for an impervious liner or membrane is an additional requirement for any given waste to be deposited in a pit, and is not a substitute for the requirements listed in Section 5.4, and specifically sub-sections 5.4.1(a) through (b) and Sections 5.4.2(a) and (b) thereof.

"3. The lateral permeability allowed by Section 5.4.1(b) of the rules and regulations is not met by the proposed site."

The rules referred to certain requirements concerning the "Soil Characteristics" (No. 5.4.1) and "Thickness and Continuity of Clay Strata" (No. 5.4.2). The applicable portion of Rule 5.4.1 is as follows:

" * * * The soil characteristics of the subject disposal site used for land disposal of hazardous wastes *shall* meet the following criteria:

" * * * *

"(b) The permeability of the clay soil *shall* be no greater that $10^{-6}$ cm/sec (This is equivalent to 0.0014 in/hr.). Soil testing *shall* be performed to determine actual measurement of permeability of the soil of the site to a depth of at least ten (10) feet below the deepest part of the fill and horizontally at least ten (10) feet from the farthest reach of the disposal area in all directions.

"(1) A soil sample for permeability testing *shall* be taken at least at each 10 feet vertical depth or at lesser depths if clay soil texture changes. * * * " (Emphasis added.)

With regard to "Thickness and Continuity of Clay Strata", Rule No. 5.4.2, provides in sub-sections (a) and (b) as follows:

"(a) The lowest depth of the disposal area at the disposal site or facility *shall* be at least ten (10) feet, or more, if required, above the highest normal water table expected in the area. There *shall* be ten (10) feet or more of clay soil below the lowest depth of the disposal area in the site or facility, and horizontally at least ten (10) feet in all directions from the furthest reach of the disposal area, which soil *shall* meet the requirements listed in Section 5.4.1 of these regulations.

"(b) Soils on the land disposal site or facility *shall* be continuous in nature and of similar origin. In no case will a permit for a hazardous waste land disposal site or facility be issued for a site or facility located on flood plains or terraces near rivers, streams, or other bodies of water, or for land disposal sites or facilities located on or adjacent to known rock faults." (Emphasis added.)

We note that in all instances, the quoted rules use the mandatory word "shall", as indicated by the emphasis we have added.

The record shows that during one of the several public hearings held before the Department's Hearing Officer, the applicant in effect conceded, upon the basis of the testimony of one of his own expert witnesses, that his proposed site did not meet the requirements of the quoted portions of Rules 5.4.2 and 5.4.1 with regard to having a layer of clay ten feet thick. He therefore amended his application to propose a compliance with what he calls the "alternative" requirements of Rule 5.3.

That rule provides that "An impervious lining or membrane *may* be required by the Department for a site or facility for any given waste deposited therein * * * " and that in such case the use of natural or specific clay is permitted if " * * * the lining is at least 5 feet thick and that the permeability index is no greater than $10^{-8}$ cm/sec".

Thus, the restricted question presented by the record before us is whether Rule 5.3 is an "alternative" rule to be applied at the option of applicant to the exclusion of Rules 5.4.1 and 5.4.2, or whether, as found by the Department, it is an additional rule containing requirements over and above those

found in Rules 5.4.1 and 5.4.2, to be applied at the option of the Department.

The argument on this question in the brief-in-chief of Appellant, as we understand it, is that since under the evidence the liner or membrane which he proposed to construct meets a considerably more stringent permeability test, the Department was without authority to deny his application upon the ground that the proposed site would not meet the requirements of Rules 5.4.1 and 5.4.2.

The argument would be more persuasive if the statute made the question of permeability the only factor to be considered. This is not the case. The Statute (63 O.S.1971, Sec. 2252) gives the policy of the state in broad and general terms, and Sec. 2259, under which the Board is empowered to adopt applicable rules and regulations, in effect leaves the factors to be considered to the discretion of the Board. An examination of the rules quoted herein and the other rules of the Board concerning the disposal of hazardous waste, shows that other factors are also pertinent.

As we have seen, Rules 5.4.1 and 5.4.2 are couched in mandatory terms. Rule 5.3, on the other hand, provides only that the liner or membrane *may* be required *by the Department.* It does *not* provide that it may be followed at the option of the applicant, to the exclusion of the requirements of the other rules.

It is said that the need for expert investigation and judgment in particularly complicated and technical fields is one of the reasons for the development of administrative law and procedure. 1 Am.Jur.2d Administrative Law, Sec. 17. This fact is well illustrated by the record before us, in which the pertinent evidence consists largely of exhibits prepared by, and testimony from, expert witnesses with specialized training in highly technical and scientific fields. It is also perhaps responsible for the limited scope of judicial review accorded by our statutes in appeals from the decisions of administrative boards and tribunals. See 75 O.S.1971, Sec. 322.

We hold that Rule 5.3 is not an "alternative" rule to be applied to the exclusion of the requirements of Rules 5.4.1 and 5.4.2 at the option of the applicant, but is an additional rule to be applied under appropriate circumstances at the option of the Department.

In a second proposition, applicant argues that the trial judge misconstrued certain evidence referred to in the judgment. In view of the concession of applicant that the proposed disposal site does not meet the requirements of Rules 5.4.1 and 5.4.2, it is unnecessary to decide this question.

The judgment affirming the action of the Department and denying the application is affirmed.

All Justices concur.